UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

SCOTT N. JOHNSON,

        Plaintiff,

   v.

SIERRA TRUCKEE CORPORATION, INDIVIDUALLY AND D/B/A DONNER LAKE GIFT SHOP; FRITZ MERTL; ANNA E. MERTL,

        Defendants.

                                   /

NO. CIV. 2:10-2576 WBS JFM

----oo0oo----

STATUS (PRETRIAL SCHEDULING) ORDER

       After reviewing plaintiff's Status Report, the court hereby vacates the Status (Pretrial Scheduling) Conference scheduled for March 7, 2011.

       I.    <u>SERVICE OF PROCESS</u>

       The named defendants have been served and no further service is permitted without leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).

       The court dismissed defendants Anna E. Mertl and Fritz

1

Mertl on January 31, 2011 (Docket No. 9), and only defendant Sierra Truckee Corporation remains.  Sierra Truckee Corporation, which attempted to file an answer in pro se, is advised that corporations may appear in federal court only by an attorney.  See Local R. 183(a).  If defendant fails to properly appear in this case, plaintiff may take the appropriate steps to obtain a default judgment.

## II.  JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court, good cause having been shown under Federal Rule of Civil Procedure 16(b).  See Johnson v. Mammoth Recreations, Inc., 975 F.2d 604 (9th Cir. 1992).

## III. JURISDICTION/VENUE

Jurisdiction is predicated upon federal question jurisdiction, 28 U.S.C. § 1331, because plaintiff has brought claims under the Americans with Disabilities Act, 42 U.S.C. §§ 12101-12183.  Venue is found to be proper because the events giving rise to plaintiff's claims occurred in this district.  28 U.S.C. § 1391(b).

## IV.  DISCOVERY

The parties shall serve the initial disclosures required by Federal Rule of Civil Procedure 26(a)(1) by no later than April 18, 2011.

The parties shall disclose experts and produce reports in accordance with Federal Rule of Civil Procedure 26(a)(2) by no later than June 13, 2011.  With regard to expert testimony intended solely for rebuttal, those experts shall be disclosed

and reports produced in accordance with Federal Rule of Civil Procedure 26(a)(2) on or before July 11, 2011.

All discovery, including depositions for preservation of testimony, is left open, save and except that it shall be so conducted as to be <u>completed</u> by August 15, 2011.  The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relevant to discovery shall have been resolved by appropriate order if necessary and, where discovery has been ordered, the order has been obeyed.  All motions to compel discovery must be noticed on the magistrate judge's calendar in accordance with the local rules of this court and so that such motions may be heard (and any resulting orders obeyed) not later than August 15, 2011.

### V. MOTION HEARING SCHEDULE

All motions, except motions for continuances, temporary restraining orders, or other emergency applications, shall be filed on or before September 26, 2011.  All motions shall be noticed for the next available hearing date.  Counsel are cautioned to refer to the local rules regarding the requirements for noticing and opposing such motions on the court's regularly scheduled law and motion calendar.  Defendant is again admonished that a corporation may not appear or file any pleadings in propria persona, and may only appear or file pleadings through counsel.

### VI. FINAL PRETRIAL CONFERENCE

The Final Pretrial Conference is set for December 12, 2011, at 2:00 p.m. in Courtroom No. 5.  The conference shall be attended by at least one of the attorneys who will conduct the

1  trial for each of the parties and by any unrepresented parties.
2         Counsel for all parties are to be fully prepared for
3  trial at the time of the Pretrial Conference, with no matters
4  remaining to be accomplished except production of witnesses for
5  oral testimony.  Counsel shall file separate pretrial statements,
6  and are referred to Local Rules 281 and 282 relating to the
7  contents of and time for filing those statements.  In addition to
8  those subjects listed in Local Rule 281(b), the parties are to
9  provide the court with: (1) a plain, concise statement which
10 identifies every non-discovery motion which has been made to the
11 court, and its resolution; (2) a list of the remaining claims as
12 against each defendant; and (3) the estimated number of trial
13 days.
14        In providing the plain, concise statements of
15 undisputed facts and disputed factual issues contemplated by
16 Local Rule 281(b)(3)-(4), the parties shall emphasize the claims
17 that remain at issue, and any remaining affirmatively pled
18 defenses thereto.  If the case is to be tried to a jury, the
19 parties shall also prepare a succinct statement of the case,
20 which is appropriate for the court to read to the jury.
21        VII.  <u>TRIAL SETTING</u>
22        The bench trial is set for February 7, 2012, at 9:00
23 a.m.  Plaintiff estimates that the trial will last three to four
24 court days.
25        VIII. <u>SETTLEMENT CONFERENCE & VDRP</u>
26        The parties have expressed an interest in pursuing the
27 Voluntary Dispute Resolution Program, which they may pursue
28 pursuant to Eastern District Local Rule 271(c)(3).  Defendant is

4

cautioned again, however, that it is not permitted to appear in propria persona at a Settlement Conference.  In other words, a corporation may not represent itself, and may only appear through counsel, at any stage of the proceeding.

A Settlement Conference will be set at the time of the Pretrial Conference.  All parties should be prepared to advise the court whether they will stipulate to the trial judge acting as settlement judge and waive disqualification by virtue thereof.

Counsel are instructed to have a principal with full settlement authority present at the Settlement Conference or to be fully authorized to settle the matter on any terms.  At least seven calendar days before the Settlement Conference counsel for each party shall submit a confidential Settlement Conference Statement for review by the settlement judge.  If the settlement judge is not the trial judge, the Settlement Conference Statements shall not be filed and will not otherwise be disclosed to the trial judge.

IX.   MODIFICATIONS TO SCHEDULING ORDER

Any requests to modify the dates or terms of this Scheduling Order, except requests to change the date of the trial, may be heard and decided by the assigned Magistrate Judge. All requests to change the trial date shall be heard and decided only by the undersigned judge.

DATED: February 24, 2011

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE

5